UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JARRETT R. JENKINS,**<br><br>               *Plaintiff*,<br><br>     -against-<br><br>**NORTHSTAR LOCATION SERVICES, LLC,**<br><br>               *Defendant*. | **NOTICE OF REMOVAL**<br><br>From the Nassau County District Court – 1st District<br><br>Nassau County District Court – 1st District Index No.: CV-009612-25/NA<br><br>EDNY Civil No: |

      **PLEASE TAKE NOTICE** that the defendant, Northstar Location Services, LLC ("Northstar"), through undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove the action titled *Jarrett R. Jenkins v. Northstar Location Services, LLC*, and docketed in the Nassau County District Court, First District, bearing Index No. CV-009612-25/NA (the "Action"), to the United States District Court for the Eastern District of New York.

      The grounds for removal are as follows:

      1.     On August 6, 2025, the plaintiff Jarrett R. Jenkins ("the plaintiff") filed a summons and complaint (the "summons and complaint") in the Action. (*See* **Exhibit A**). No further proceedings before the Nassau County District Court, First District have occurred.

      2.     Upon information and belief, on October 14, 2025, the plaintiff served Northstar with the summons and complaint through personal service at Northstar's place of business.

      3.     In his complaint, the plaintiff asserts that the defendant violated portions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.

      4.     This case falls squarely within this Court's federal question jurisdiction because the plaintiff's complaint alleges causes of action arising under the laws of the United States and any

state law claims form part of the same case or controversy.. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.").

5. Pursuant to 28 U.S.C. § 1441(a), Northstar is permitted to remove the Action to federal court. *See id.* ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such an action is pending."); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) ("Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and the laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage of any State or Territory . . . .'") quoting 42 U.S.C. § 1983; *see also Miller v. Annucci*, No. 19-cv-0030 (LEK), 2019 U.S. Dist. LEXIS 94048, at *6–7, 2019 WL 2370295 (N.D.N.Y. June 5, 2019) (holding that an "action was properly removed in accordance with §§ 1141(a) and 1146" where complaint asserted claims pursuant to, *inter alia*, 42 U.S.C. § 1983).

6. As the Action is pending in the Nassau County District Court, First District, the Eastern District of New York is the district court of the United States for the district and division embracing the place where the Action is pending. *See* 42 U.S.C. § 1441(a).

7. This notice of removal is timely as fewer than thirty days have passed since the defendant was served with a copy of the summons and complaint. *See* 28 U.S.C. § 1446(b)(1), (2)(B); *see e.g., Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999) (holding that, for removal purposes, the accrual date is the date on which the removing defendant was served with the summons).

8. The defendant will promptly file a copy of this Notice of Removal with the Clerk of the Court, Nassau County District Court, First District. Cf. 28 U.S.C. § 1446(d).

9. The defendant will promptly serve the plaintiff with a filed copy of this Notice of Removal and attendant exhibits.

10. This submission does not constitute a waiver of any defense available to the Defendants, including, but not limited to, Plaintiff's failure to effect proper service pursuant to CPLR 311 or any other defense under Rule 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, the defendant gives notice that this Action is removed from Nassau County District Court, First District of the State of New York to the United States District Court for the Eastern District of New York.

**DATED:**   November 3, 2025               **BARCLAY DAMON LLP**

By:   *s/ Mark T. Whitford Jr.*
         Mark T. Whitford, Jr.
         Paul A. Sanders, Esq.

*Attorneys for Defendant*
*Northstar Location Services, LLC*
Five Star Bank Plaza, Suite 2000,
100 Chestnut Street,
Rochester, NY 14604
Telephone: 585-295-4449
Email: mwhitford@barclaydamon.com

TO:   Jarrett R. Jenkins, Pro Se Plaintiff
         334 Locust Street, Apt. 1
         West Hempstead, New York 11552

32675567.1