*** Filed ***
02:28 PM, 05 Dec, 2025
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Natasha C. Merle
Honorable U.S. District Judge
225 Cadman Plaza East
Courtroom 2F
Brooklyn, NY 11201

December 5, 2025

RECEIVED
December 5, 2025
PRO SE OFFICE

**Via ECF**

**Re:** **Jenkins v. Northstar Location Services, LLC**
**2:25-cv-06131-NCM-ST**

PLAINTIFF'S LETTER IN OPPOSITION TO DEFENDANT'S REQUEST FOR PRE-MOTION CONFERENCE (ECF No. 9)

Dear Judge Merle:

Plaintiff respectfully opposes Defendant Northstar Location Services, LLC's request for a pre-motion conference regarding its anticipated motion for summary judgment. The request should be denied because (1) this matter was only recently removed; (2) no discovery has taken place; (3) the central facts are disputed; and (4) summary judgment is premature under Fed. R. Civ. P. 56(d) and binding Second Circuit precedent.

**I. Summary Judgment Is Premature Because No Discovery Has Occurred**

This case was removed from state court on November 3, 2025. No Rule 26(f) conference has occurred, no scheduling order has been issued, and neither party has exchanged initial disclosures or conducted any discovery. Plaintiff has not had a fair opportunity to obtain:

- documents relating to the basis for Northstar's July 9, 2024 credit inquiry;
- Northstar's internal procedures;
- the identity and authority of the individual(s) involved in the inquiry;
- communications concerning Plaintiff; or
- any documents Northstar now relies upon.

The Second Circuit prohibits summary judgment at such an early stage. *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted before discovery is completed."); *Trebor Sportswear Co. v. The Ltd. Stores*, 865 F.2d 506, 511 (2d Cir. 1989) (summary judgment improper when essential facts are solely in the moving party's possession).

Virtually all relevant information here is in Northstar's exclusive control. Rule 56(d) therefore requires denial of the proposed motion.

## II. Material Facts Are Disputed and Cannot Be Resolved Before Discovery

Plaintiff's Verified Complaint directly disputes the core factual foundation Northstar relies upon. Plaintiff alleges:

- **no relationship,**
- **no account,**
- **no transaction,**
- **no authorization,** and
- **no permissible purpose** for Northstar's July 9, 2024 inquiry.

See Verified Complaint ¶¶ 7–8, 17–22.

These allegations alone create genuine disputes of material fact regarding:

- whether Northstar had any legal basis to access Plaintiff's consumer report;
- whether Northstar acted in accordance with procedures required by the FCRA; and
- whether any permissible purpose existed at all.

The Second Circuit has held that disputes about the existence of a permissible purpose cannot be resolved on summary judgment where the facts are contested. *Sutera v. TransUnion*, 307 F.3d 188, 199 (2d Cir. 2002).

Because Plaintiff squarely disputes the factual premise of Defendant's anticipated motion, summary judgment is inappropriate.

## III. Northstar's Submission Improperly Attempts to Resolve Merits Issues Before Discovery

Northstar's pre-motion letter offers its own factual narrative regarding its authority, its procedures, and the circumstances of the July 9, 2024 inquiry. These are **merits questions**, not procedural ones. None of these issues can be resolved:

- without discovery,
- without testing Defendant's factual assertions, and
- without examining the documents and information Northstar claims to possess.

The Federal Rules do not permit a party to obtain summary judgment by presenting its unilateral version of events before any discovery has taken place.

Allowing such a motion would invert the proper order of litigation, depriving Plaintiff of a meaningful opportunity to gather evidence regarding Northstar's conduct and any alleged justification it asserts.

## IV. A Summary Judgment Motion Would Not Promote Judicial Efficiency

Defendant's primary argument is that it may furnish a report to a party it "has reason to believe" has a permissible purpose. But this is a **defense**, not a pleading requirement. Whether Trans Under Your Honor's Individual Rule III.A, the Court should grant pre-motion conferences only when a proposed motion is likely to narrow the issues or resolve the case. Northstar's proposed motion would do neither.

To address the issues Northstar raises, the parties would require full discovery on:

- the factual basis for Northstar's July 9, 2024 inquiry;
- Northstar's procedures relating to consumer-report access;
- internal decision-making regarding Plaintiff; and
- Northstar's compliance with the FCRA.

A summary judgment motion filed before any discovery will inevitably lead to Rule 56(d) denial and duplicative briefing. Thus, permitting such a motion now would **waste**, rather than conserve, judicial resources.

**V. Plaintiff Is Entitled to Discovery Under Rule 56(d)**

Rule 56(d) protects litigants from exactly what Northstar seeks to do. Plaintiff cannot fairly oppose summary judgment without obtaining discovery regarding:

- the purported basis for Northstar's inquiry;
- the identities and roles of Northstar personnel involved;
- the internal documentation Northstar relies upon; and
- Northstar's procedures designed to prevent unauthorized credit access.

Because the essential facts remain solely in Defendant's possession, summary judgment must be deferred until discovery is completed.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court **deny Defendant's request for a pre-motion conference** on summary judgment and direct the Defendant to answer the complaint.

Respectfully submitted,

/s/Jarrett R. Jenkins______________
Jarett R. Jenkins, Plaintiff
334 Locust Street, Apt.1
West Hempstead, NY 11552
516-688-0078
jrobertjenkins@gmail.com

Enclosure: Exhibit 1 – Declaration of Jarrett R. Jenkins Pursuant to Rule 56(d)

# EXHIBIT - 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

Jarrett R. Jenkins,

Plaintiff,

Case No. 2:25-cv-06131-NCM-ST

-against-

Northstar Location Services, LLC.,

Defendant,

---------------------------------------------------------X

**DECLARATION OF JARRETT R. JENKINS PURSUANT TO RULE 56(d)**

I, **Jarrett R. Jenkins**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff in this action.
2. This case was removed to federal court on November 3, 2025. No Rule 26(f) conference has been held and no discovery has taken place.
3. I have not had the opportunity to obtain discovery from Defendant regarding the facts necessary to oppose summary judgment.
4. Essential information relating to Defendant's July 9, 2024 credit inquiry and other matters relevant to my claims remains solely within Defendant's possession.
5. Without discovery, I cannot fully or fairly respond to any summary judgment motion that Defendant intends to file.
6. Pursuant to Rule 56(d), I respectfully request that the Court deny or defer consideration of any summary judgment motion until I have had the opportunity to obtain discovery.

**Declaration pursuant to 28 U.S.C. § 1746**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on December 5, 2025.

/s/Jarrett R. Jenkins________
Jarrett R. Jenkins, Plaintiff
334 Locust Street, Apt. 1
West Hempstead, NY 11552
516-688-0078
jrobertjenkins@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**-------------------------------------------------------X**
Jarrett R. Jenkins,
Plaintiff, Case No. 2:25-cv-06131-NCM-ST

-against-

Northstar Location Services, LLC.,

Defendant,
**-------------------------------------------------------X**

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on December 5, 2025, the undersigned served the following documents upon Paul A. Sanders of Barclay Damon, LLP., at 2000 Five Star Bank Plaza, 100 Chestnut Street, Rochester, NY 14604, counsel for Defendant via USPS First Class Mail.

1. Plaintiff's Letter Opposition to Pre-Motion Conference.
2. Plaintiff's Exhibit 1- Declaration of Jarrett R. Jenkins Pursuant to Rule 56(d).

December 5, 2025

Respectfully submitted,

/s/Jarrett R. Jenkins_________
Jarrett R. Jenkins, Plaintiff
334 Locust Street, Apt. 1
West Hempstead, NY 11552
516-688-0078
jrobertjenkins@gmail.com