BARCLAY DAMON LLP

**Paul A. Sanders**
*Partner*

November 13, 2026

**VIA CM/ECF**
The Honorable Natasha C. Merle
U.S. District Judge
Eastern District of New York
Courtroom 2F North
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Jarrett R. Jenkins v. Northstar Location Services, LLC
EDNY Civil Case No. 2:25-cv-06131
Our File No.: 3227413

Dear Judge Merle:

We represent defendant Northstar Location Services, LLC ("Northstar") in this matter. Pursuant to Section III of Your Honor's Individual Practice Rules, Northstar requests a Pre-Motion Conference and permission to file a Rule 56 Motion for Summary Judgment. Pursuant to Rule III.A.4, attached is Northstar's Statement of Material Facts.

Plaintiff commenced this action in Nassau County District Court, First District; Northstar removed it to this Court on November 3, 2025. On November 10, 2025, Northstar requested permission to move for summary judgment (ECF No. 9). By Order dated December 30, 2025, the Court denied that request as premature because discovery had not yet commenced, expressly permitting Northstar to renew its request following discovery. Northstar thereafter filed its Answer on January 15, 2026 (ECF No. 14), and the parties proceeded with discovery.

At the June 15, 2026 conference, Magistrate Judge Tiscione set October 15, 2026 as the deadline for completing discovery and November 16, 2026 as the deadline for commencing dispositive motion practice (ECF No. 18). Accordingly, Northstar now timely renews its request for permission to move for summary judgment.

The *pro se* plaintiff Jarrett R. Jenkins alleges that Northstar violated 15 U.S.C. § 1681b of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*, by obtaining a consumer credit report without a permissible purpose. However, the law is clear that a debt collector such as Northstar is permitted to request a consumer credit report in connection with the attempted collection of a debt. This constitutes a "permissible purpose" under the Fair Credit Reporting Act, which is a complete defense to a claimed violation. Northstar is a debt collector and made a credit inquiry in connection with the attempted collection of a debt owed by the plaintiff to Discover, a division of Capital One, N.A. ("Discover").

15 U.S.C. § 1681b(f)(1) permits persons and entities, including debt collectors, to obtain and use consumer credit reports for the same purposes by which credit reporting agencies are entitled to release such reports. A showing of permissible purpose is a complete defense to a plaintiff's claim for damages based on an alleged violation of 15 U.S.C. § 1681b. *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999) citing *Advanced Conservation Sys. v. Long Island Lighting Co.*, 934 F. Supp. 53, 54 (E.D.N.Y. 1996).

15 U.S.C. § 1681b(a)(3)(A) permits any person or entity to obtain and use a consumer report as long as the user "intends to use the information in connection with a credit transaction involving the consumer on whom the information to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." The Second Circuit, along with New York's Federal District Courts have held that "attempting collection" is a permissible purpose for the use and obtaining of a consumer report under 15 U.S.C. § 1681b(a)(3)(A). *Ritchie v. Robert Taylor*, 701 Fed. Appx. 45, 48 (2d Cir. 2017). *See also Munroe v. Specialized Loan Serv. LLC*, No. 23-CV-3083, 2025 U.S. Dist. LEXIS 61447, at *10 n.2 (E.D.N.Y. Mar. 31, 2025) (compiling cases in which it was held that obtaining a plaintiff's credit report for the purpose of collecting the debt owed is a permissible purpose and complete defense to an FCRA claim including *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 2012 U.S. Dist. LEXIS 43280, at *5 (E.D.N.Y. Mar. 28, 2012); *Stonehart v. Rosenthal*, 2001 U.S. Dist. LEXIS 11566, at *4 (S.D.N.Y. Aug. 13, 2001); and *Edge*, 64 F. Supp. at 118).

Furthermore, a party that obtains a consumer report is not required to prove that it owns the subject account or provide the entire chain of title for the account in order to show that it had a permissible purpose as a matter of law. *McChriston v. Diversified Consultants, Inc.*, 2019 U.S. Dist. LEXIS 97157, at *10–11 (S.D.N.Y. June 7, 2019) (holding that "[t]he referral of [plaintiff's] debt for collection gave [the debt collector defendant] a permissible purpose for obtaining [plaintiff's] credit report pursuant to section 1681b" and "there is no requirement that a consumer have an account or contract 'with' a debt collection agency in order for that agency to have a 'permissible purpose' under § 1681b.") (citations omitted).

Here, Northstar did not violate the Fair Credit Reporting Act because it had a permissible purpose in requesting plaintiff's consumer report, namely, the collection of a debt. Such a permissible purpose is a complete defense to the plaintiff's claim. Northstar is entitled to judgment as a matter of law dismissing the plaintiff's complaint.

Accordingly, Northstar seeks leave to file a Motion for Summary Judgment seeking dismissal of the plaintiff's Fair Credit Reporting Act claim, and therefore the complaint in its entirety.

This correspondence is submitted with Northstar's Local Rule 56.1 Statement of Material Facts, Exhibit A (Declaration of Barbara A. Crean, President, Northstar), Exhibit A-1 (Plaintiff's Account History Notes with Redactions), and Exhibit A-2 (Initial Collections Letter sent by Northstar to the Plaintiff).

Your Honor's attention to this matter is greatly appreciated.

Respectfully submitted,

Paul A. Sanders
Alec R. Herbert

PAS:arh
Enclosure

cc: Jarrett R. Jenkins (w/ enc.)(via regular mail)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**JARRETT R. JENKINS,**

*Plaintiff,*

*v.*

**NORTHSTAR LOCATION SERVICES, LLC,**

*Defendant.*

Civil No.: 2:25-cv-06131

**DEFENDANT NORTHSTAR LOCATION SERVICES, LLC'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, the defendant, Northstar Location Services, LLC ("Northstar") states these material facts and evidence upon which they are founded:

1. The plaintiff incurred a debt to Discover a Division of Capital One, N.A. ("Discover") in the amount of $4,582.20. *See* Attorney Declaration of Paul A. Sanders ("Sanders Dec.") **Exhibit A** (Declaration of Barbara A. Crean), ¶ 9 and **Exhibit A–1**, p. 1.

2. On or about July 8, 2024, Discover placed the debt with Northstar, a debt collector, for collection. *See* Sanders Dec., **Exhibit A**, ¶¶ 7 & 9, and **Exhibit A–1**, p. 1.

3. On or about July 9, 2024, Northstar created a credit summary request in connection with its attempt to collect the debt. *See* Sanders Dec. **Exhibit A**, ¶ 10 and **Exhibit A–1**, p. 1.

4. On or about July 11, 2024, a letter was sent to the plaintiff notifying him that his debt was placed with Northstar for collection. *See* Sanders Dec. **Exhibit A**, ¶ 11 and **Exhibit A–2**.

**DATED:** November 13, 2026

**BARCLAY DAMON LLP**

By: *s/ Paul A. Sanders*
Paul A. Sanders

*Attorneys for Defendant*
Office and Post Office Address
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604
Tel: (585) 295-4426
Email: psanders@barclaydamon.com

**TO:** Jarrett R. Jenkins
*Plaintiff Pro Se*

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Jarrett R Jenkins,

*Plaintiff,*

Civil Case No. 2:25-cv-06131

*v.*

Northstar Location Services, LLC,

*Defendant.*

**DECLARATION OF BARBARA A. CREAN**

I, Barbara A. Crean, submit this Declaration pursuant to 28 U.S.C. § 1746.

1. I am the President of Northstar Location Services, LLC ("Northstar"). I am over the age of 21, am competent and authorized to testify to the matters set forth herein, and have personal knowledge of the facts stated herein.

2. In my capacity as Northstar's President, I am charged with overseeing and managing Northstar's adherence to all guiding and applicable laws and regulations.

3. As such, I have personal knowledge of Northstar's policies as they relate to its collection activities. I also have personal knowledge of Jarrett R. Jenkin's ("the plaintiff's") claims in this action. I am one of Northstar's custodians of record.

4. If called as a witness, I would testify to the following facts, which are based upon my personal knowledge. I have personal knowledge under which the records related to the plaintiff's collection account were created, and I am familiar with Northstar's recordkeeping processes.

5. Northstar's records are kept in the ordinary course of business, all of which are made at or near the time by an individual with knowledge, or from information transmitted by an

individual with knowledge, and are kept in the course of Northstar's regularly conducted business activities as part of its regular business practices.

6. As part of its regular business practices, Northstar maintains a contemporaneous record of its activities relating to accounts that it is asked to collect on.

7. Northstar is a debt collection firm that attempts to collect debts on behalf of its clients.

8. I have identified the account which is the subject of this lawsuit, identified as Northstar account number 6876279 and Discover account number xxxxxxxxxxxx9982 ("the account") in the name of the plaintiff, Jarrett R. Jenkins.

9. I have reviewed Northstar's records associated with the account, which reflect that Discover a Division of Capital One, N.A. ("Discover") placed the account with Northstar for collection on July 8, 2024. Northstar's account history page for the subject account is attached hereto as **Exhibit A–1**.

10. Pursuant to the standard business practices with respect to accounts placed for collection, Northstar created a credit summary request in connection with the plaintiff's account on the next day. *See* **Exhibit A–1**, p. 1.

11. On July 11, 2024, an initial letter was sent to the plaintiff notifying him that Discover had placed the account with Northstar for collection. The letter is attached hereto as **Exhibit A–2**.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on: November 7th, 2025

______________________________
Barbara A. Crean, President

# Exhibit A-1

# Account History

**Our Account ID:** 6876279 **Status:** CCR **Report Date**
**Customer:** DISCPRM Discover, a division of Capital One, N.A., (Discover) 8/18/2025 5:14PM
**Account Number:** [redacted]9982

**Received:** 7/8/2024 **Closed:** 1/3/2025 **Returned:** 1/3/2025

**Original Balance** $4,582.20 **Interest Rate:** 0.00
**Amount Paid:** $0.00 **Last Int Date:** 7/8/2024
**Current Balance:** $4,582.20

## Debtors

**Name** JENKINS, JARRETT **SSN** [redacted] **DOB** [redacted]/1973
**OtherName** **HomePhone**
**Street1** 334 LOCUST ST APT 1 **WorkPhone**
**Street2**
**CSZ** W HEMPSTEAD,NY 115523044

## Payments

| Date | Type | Matched | Check No | Invoiced | Amount | Comment |
|---|---|---|---|---|---|---|

## Notes

| Date and Time | User | Action | Result | Comment |
|---|---|---|---|---|
| 7/8/2024 2:48PM | EXG | +++++ | +++++ | Work [redacted] added |
| 7/8/2024 2:48PM | EXG | +++++ | +++++ | Home [redacted] added |
| 7/8/2024 3:56PM | EXG | +++++ | +++++ | Cell [redacted] added |
| 7/8/2024 5:26PM | EXCH | CLNT | TAGS | PER CLIENT: TAG OTHER ADDED |
| 7/8/2024 5:26PM | EXCH | CLNT | TAGS | PER CLIENT: TAG Ext-Z ADDED |
| 7/8/2024 5:26PM | EXCH | CLNT | TAGS | PER CLIENT: TAG VENDPLAC ADDED |
| 7/8/2024 5:50PM | EXCH | TLO | BKDEC | TransUnion TLO BKY/DEC Scrub Sent |
| 7/8/2024 9:34PM | EXCH | TLO | BKDEC | TransUnion TLO BKY/DEC Scrub Returned |
| 7/9/2024 3:00AM | EXCH | TLO | CELL | Phones sent to TLO for Cell Scrub |
| 7/9/2024 3:24AM | EXCH | TLO | CELL | TLO Cell Scrub returned |
| 7/9/2024 7:16AM | EXCH | TLO | SCRA | TransUnion SCRA Scrub Sent |
| 7/9/2024 10:51AM | EXCH | TLO | SCRA | TransUnion SCRA Scrub Returned |
| 7/9/2024 11:13AM | EXCH | TU | CPE | TransUnion CPE Sent |
| 7/9/2024 3:19PM | EXCH | TU | CPE | TransUnion CPE Returned |
| 7/9/2024 3:37PM | EXCH | TLO | ADDPH | TransUnion TLO Add/Phone Scrub Sent |
| 7/9/2024 3:53PM | EXCH | TLO | ADDPH | TransUnion Address/Phone Scrub Received |
| 7/9/2024 4:02PM | ADMIN | LETTR | REQST | Dunning letter IDL01: Initial Dunning Letter requested |
| 7/9/2024 4:17PM | ADMIN | LETR | SENT | Letter Request Sent to Letter Vendor: IDL02 |
| 7/10/2024 3:00AM | EXCH | TLO | CELL | Phones sent to TLO for Cell Scrub |
| 7/10/2024 3:16AM | EXCH | TLO | CELL | TLO Cell Scrub returned |
| 7/10/2024 10:53AM | cschrader | DESK | CHNG | Desk Changed from MX00 to MX01 |
| 7/11/2024 12:57PM | ADMIN | LETR | MAILD | LETTER MAILED: IDL02 ON 2024-07-10 |
| 7/24/2024 5:56AM | EXCH | TFC | ADDTG | TransUnion TFC Trigger Sent |
| 7/24/2024 9:41AM | A4774 | +++++ | +++++ | Reminder Set For : 07/24/2024 09:42 AM \| a4554 |
| 7/24/2024 9:46AM | A4554 | MNUAL | DIAL | Manually dialed phone number: [redacted] |
| 7/24/2024 9:46AM | A4554 | OC | NA | Outbound. [redacted] [Cell] Result: No Answer |
| 7/24/2024 9:46AM | A4554 | OO | NA | Outbound. [redacted] [Other] Result: No Answer |
| 7/24/2024 9:47AM | A4554 | OH | BZ | Outbound. [redacted] [Home] Result: Busy |
| 7/24/2024 10:15AM | WORKFLOW | +++++ | +++++ | Status Changed \| NEW \| ACT |
| 7/29/2024 12:17PM | EXCH | TU | TFC | TransUnion TFC Returned |
| 8/21/2024 6:49AM | WORKFLOW | LETR | SLOT | Letter Slot updated to 2 |
| 9/6/2024 6:46AM | WORKFLOW | LETR | SLOT | Letter Slot updated to 3 |
| 9/22/2024 8:05AM | WORKFLOW | LETR | SLOT | Letter Slot updated to 4 |
| 10/8/2024 6:44AM | WORKFLOW | LETR | SLOT | Letter Slot updated to 5 |



Latitude By Global Software Services, Inc

| | | | | | |
|---|---|---|---|---|---|
| 10/24/2024 | 6:43AM | WORKFLOW | LETR | SLOT | Letter Slot updated to 6 |
| 11/9/2024 | 8:20PM | WORKFLOW | DESK | CHNG | Desk Changed from MX01 to MX02 |
| 11/12/2024 | 1:00AM | bkopadt | DESK | CHNG | Desk Changed from MX02 to MX01 |
| 11/25/2024 | 6:05AM | WORKFLOW | LETR | SLOT | Letter Slot updated to 7 |
| 12/2/2024 | 12:48PM | EXCH | CLNT | TAGS | PER CLIENT: TAG PRE_RCLL ADDED |
| 12/26/2024 | 6:44AM | WORKFLOW | LETR | SLOT | Letter Slot updated to 8 |
| 1/3/2025 | 3:09PM | EXCH | CLNT | NOTE | Recall Reason: Standard Recall |
| 1/3/2025 | 3:27PM | SYSTEM | +++++ | +++++ | Status Changed \| ACT \| CCR \| Account Returned |
| 1/3/2025 | 3:27PM | EXCH | CLNT | RCL | ACCOUNT RECALLED PER CLNT |
| 8/11/2025 | 8:06PM | mzook | CO | CO | CM corr rcvd on closed account, attached corr and saved for upload |
| 8/11/2025 | 8:07PM | mzook | +++++ | +++++ | Attached document "[redacted]9982_DebtorCorrespondence_20250811", item 1 |
| 8/12/2025 | 9:13AM | njones | CO | CO | Uploaded CORE to CONVOKE |

**Letter History**

| Date Requested | Requested By | Date Processed | Letter Code | Description |
|---|---|---|---|---|
| 7/9/2024 | LTRS | 7/9/2024 | IDL01 | Initial Dunning Letter |

# Exhibit A-2

4285 Genesee Street
Cheektowaga, NY 14225-1943

Return Service Requested

Letter Generated 07/09/2024

Northstar Location Services, LLC
1-888-795-2443
Hours Mon- Fri 8AM-8PM ET
Payment website: https://www.gotonls.com

Original Creditor: Discover Bank
Current Creditor: Discover Bank
Account #: ****************9982
Reference #: 6876279
Balance: $4,582.20

A-02-0HR-BM-11967-47

JENKINS, JARRETT
334 LOCUST ST APT 1
W HEMPSTEAD NY 11552-3044

**Northstar Location Services, LLC is a debt collector.** We are trying to collect a debt that you owe to Discover Bank. We will use any information you give us to help collect the debt.

**Our information shows:**

You had an account from Discover Bank with account number ****************9982.

| | | |
|---|---|---|
| As of 06/30/2024 you owed: | | $4,582.20 |
| Between 06/30/2024 and today: | | |
| You were charged this amount in interest: | + | $0.00 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were credited this amount towards the debt: | - | $0.00 |
| **Total amount of debt now:** | | **$4,582.20** |

**How can you dispute the debt?**

- **Call or write us by 08/18/2024, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
- **If you write us by 08/18/2024**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at nlsemail@northstarlocation.com.

**What else can you do?**

- **Write to ask for the name and address of the original creditor, if different from the current creditor**. If you write by 08/18/2024, we must stop collection until we send you that information. You may use the form below or write us without the form. We accept such requests electronically at nlsemail@northstarlocation.com.
- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.
- Contact us about your payment options.

**Notice: See reverse side for important information.**

---

**How do you want to respond?**

*Check all that apply*

☐ **I want to dispute the debt because I think:**
 ☐ This is not my debt.
 ☐ The amount is wrong.
 ☐ Other (please describe on reverse or attach additional information).

☐ **I want you to send me the name and address of the original creditor.**

☐ **I enclosed this amount $** ______

Make your check payable to:
*Northstar Location Services, LLC.*
Include the reference number 6876279

JENKINS, JARRETT
334 LOCUST ST APT 1
W HEMPSTEAD NY 11552-3044

**Mail this Form to:**

NORTHSTAR LOCATION SERVICES, LLC
ATTN: FINANCIAL SERVICES DEPARTMENT
4285 GENESEE ST
CHEEKTOWAGA NY 14225-1943

17366192-IDL02

Original Creditor: Discover Bank
The total amount of the debt due as of charge-off: $4,582.20
The total amount of payments and credits made on the debt since the charge-off: $0.00
The total amount of interest accrued since charge-off: $0.00
The total amount of non-interest charges or fees accrued since charge-off: $0.00

Consumers may request the letter in large print by calling 1-888-795-2443.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

For your convenience, you may scan the QR code below to access your account on our payment website:

NORTHSTAR LOCATION SERVICES, LLC
4285 GENESEE ST
CHEEKTOWAGA NY 14225-1943
TELEPHONE: 1-888-795-2443